UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SARAH L.,[1] | : | Case No. 3:21-cv-143 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Sarah L. brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #13), Plaintiff's Reply (Doc. #14), and the administrative record (Doc. #7).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed her application for period of disability and Disability Insurance Benefits in June 2016 and for Supplemental Security Income benefits in October 2016, alleging disability due to several impairments, including chronic cervical pain, fractured spine at C2-C3, spondylosis from a motor vehicle accident occurring on April 20, 2012, complications from a previous broken collar bone and shoulder blade affecting her right arm (weight restriction to five pounds), post-traumatic stress disorder (PTSD), anxiety, depression, and daily migraines. (Doc. #7, *PageID* #132). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Laura S. Twilley. ALJ Twilley concluded on March 21, 2019, that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. *Id.* at 192-204. The Appeals Council granted Plaintiff's request for review, vacated ALJ Twilley's decision, and remanded the case to ALJ Gregory Kenyon for resolution of several issues. *Id.* at 212-14. Upon remand, ALJ Kenyon held a second hearing and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| Step 1: | Plaintiff has not engaged in substantial gainful activity since June 13, 2013, her alleged onset date. |
|---|---|
| Step 2: | She has the following severe impairments: cervical and lumbar degenerative disc disease, degenerative joint disease of the right shoulder, anxiety, and depression. |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

|  |  |
|---|---|
|  | Plaintiff has the following nonsevere impairments: umbilical hernia and carpal tunnel syndrome. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of "light work … subject to the following limitations: (1) occasionally crouching, crawling, kneeling, stooping, and climbing ramps and stairs; (2) never climbing ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) occasional overhead reaching with bilateral upper extremities; (5) performing simple, repetitive tasks with an SVP of 1 or 2; (7) occasional contact with coworkers, supervisors, and the public; (8) no fast-paced production work or strict production quotas; and (9) performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next." |
|  | Plaintiff is unable to perform any past relevant work. |
| Step 5: | There are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #7-2, *PageID* #s 44-54). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability since June 13, 2013, through the date of his decision. *Id.* at 54.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7, *PageID* #s 44-52), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #13), and Plaintiff's Reply (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

3

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

Plaintiff contends that the ALJ erred at Step Two of his analysis by failing to address Plaintiff's migraines and by finding carpal tunnel syndrome to be a non-severe impairment. (Doc. #9, *PageID* #s 2184-86). Additionally, she argues that the ALJ erred in evaluating the medical

source opinions and evidence and by improperly acting as his own medical expert.[3] *Id.* at 2184. The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #13, *PageID* #s 2201-09).

At Step Two of the five-step sequential evaluation process, the ALJ considers the severity of the claimant's medically determinable impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is considered "severe" unless it "has no more than a minimal effect on [the claimant's] physical or mental abilit(ies) to perform basic work activities." Soc. Sec. R. 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). Plaintiff's burden of establishing a "severe" impairment at Step Two of the disability determination process is a "*de minimis* hurdle." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.*

An ALJ's failure to find additional severe impairments at Step Two "[does] not constitute reversible error," where the ALJ considers all of a plaintiff's impairments in the remaining steps of the disability determination. *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007). "In other words, if an ALJ errs by not including a particular impairment as an additional severe impairment in [S]tep

---

[3] In her Statement of Errors, Plaintiff generally "incorporates all arguments and issues previously raised in her Statement of Exceptions. (Doc. #9, *PageID* #2184) (citing Doc. #7, *PageID* #s 546-48). However, to the extent that Plaintiff did not address or elaborate on these arguments and issues in her Statement of Errors, they are waived. *See McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citations and quotation marks omitted); *Wajnryb v. Colvin*, No. 2:14-CV-0170, 2014 WL 5803010, at *2 (S.D. Ohio Nov. 7, 2014), *report and recommendation adopted,* No. 2:14-CV-170, 2015 WL 418020 (S.D. Ohio Jan. 30, 2015); *White v. Saul*, No. CV 18-76-DLB, 2019 WL 2603958, at *3 (E.D. Ky. June 25, 2019).

[T]wo of his [or her] analysis, the error is harmless as long as the ALJ found at least one severe impairment, continued the sequential analysis, and ultimately addressed all of the claimant's impairments in determining his [or her] [RFC]." *Flory v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 672, 678-79 (S.D. Ohio 2020) (citing *Meadows v. Comm'r of Soc. Sec.*, No. 1:07-CV-1010, 2008 WL 4911243, at *13 (S.D. Ohio Nov. 13, 2008); *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006)).

In the present case, the ALJ found at Step Two that Plaintiff had several severe impairments: cervical and lumbar degenerative disc disease, degenerative joint disease of the right shoulder, anxiety, and depression. (Doc. #7, *PageID* #44). He also found that Plaintiff had two non-severe impairments: umbilical hernia and carpal tunnel syndrome. *Id.* The ALJ did not address her migraines at Step Two.[4]

Plaintiff asserts that, in finding carpal tunnel syndrome to be a non-severe impairment, "the ALJ used his lay opinion to evaluate objective medical evidence in functional terms." (Doc. #9, *PageID* #2185). In support, Plaintiff notes that both State agency physicians, William Bolz, M.D., and Stephen Sutherland, M.D., reviewed the EMG referenced by the ALJ and found Plaintiff's carpal tunnel syndrome to be a severe impairment. *Id.*

The ALJ, in finding Plaintiff's carpal tunnel syndrome to be a non-severe impairment, noted that an EMG revealed that her carpal tunnel is "mild" with no evidence of cervical radiculopathy or neuropathy. (Doc. #7, *PageID* #s 44-45) (citations omitted). He also

---

[4] The ALJ referred to Plaintiff's cervicogenic headaches and back and neck pain in relation to her lumbar degenerative disc disease. (Doc. #7, *PageID* #44). He noted that her treatment—including narcotic pain medication, Botox therapy, injections, radiofrequency ablation procedures on her lumbar and cervical spine, and physical therapy—has been conservative in nature. *Id.*

acknowledged that night wrist splinting had been recommended for complaints of difficulty gripping. However, the ALJ also observed that Plaintiff's bilateral hand grasp was equal and strong. *Id.* (citations omitted). The ALJ's consideration of the EMG and other medical evidence related to Plaintiff's carpal tunnel syndrome was not improper. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim ….") (citing *Harris v. Comm'r of Soc. Sec. Admin.,* No. 1:13–CV–00260, 2014 WL 346287, at *11 (N.D. Ohio Jan. 30, 2014)).

Furthermore, as set forth above, any errors that the ALJ made at Step Two do not constitute reversible error if the ALJ considered all of Plaintiff's impairments—including her migraines and carpal tunnel syndrome—in the remaining steps of the disability determination. *See Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'") (quoting *Maziarz*, 837 F.2d at 244).

In assessing Plaintiff's RFC, the ALJ relied on the opinions of Dr. Bolz and Dr. Sutherland. (Doc. #7, *PageID* #50). Dr. Bolz reviewed Plaintiff's record in January 2017. *Id.* 121-44. He found that Plaintiff had several severe physical impairments, including spine disorders, migraines, carpal tunnel syndrome, and dysfunction of major joints. *Id.* at 137. Dr. Bolz opined that Plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently, sit for six hours in an eight-hour workday, and stand and/or walk for six hours in an eight-hour workday. *Id.* at 140.

Further, Plaintiff could frequently climb ramps and stairs, occasionally stoop, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds. *Id.* She should avoid all exposure to hazardous machinery and unprotected heights. *Id.* at 141. Dr. Sutherland reviewed Plaintiff's records in April 2017 and generally agreed with Dr. Bolz's opinions. *Id.* at 161-73. However, Dr. Sutherland found that Plaintiff's ability to reach overhead was limited. *Id.* at 170.

The ALJ afforded "substantial weight" to the opinions of Dr. Bolz and Dr. Sutherland. *Id.* at 50. He found that their opinions were consistent with the objective evidence of conservative treatment and no more than mild to moderate symptoms. *Id.* The ALJ generally adopted their opined limitations. However, "in deference to [Plaintiff's] subjective complaints," the ALJ included additional limitations in Plaintiff's RFC assessment. *Id.* Specifically, the ALJ found that Plaintiff could only occasionally climb ramps and stairs and occasionally reach overhead.

Both Dr. Bolz and Dr. Sutherland considered the effects that Plaintiff's migraines and carpal tunnel syndrome have on her ability to work.[5] The ALJ, by relying on and largely adopting their opinions, incorporated the effects that those impairments have on Plaintiff's ability to work. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (noting that an ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (stating "although the ALJ did not explicitly consider

---

[5] As recognized by the ALJ, both Dr. Bolz and Dr. Sutherland found Plaintiff's migraines and carpal tunnel syndrome to be severe impairments. However, neither Dr. Bolz nor Dr. Sutherland indicated that Plaintiff's limitations were based on her migraines or carpal tunnel syndrome. When asked to explain their opined limitations, Dr. Bolz and Dr. Sutherland noted that Plaintiff's exertional limitations are based on her cervical and lumbar spine spondylosis; her postural limitations are based on her back and knee pain; and her environmental limitation is based on her back problems. (Doc. #7, *PageID* #s 140-41, 169-70). Dr. Sutherland, who opined that Plaintiff also had manipulative limitations, indicated that he based those on Plaintiff's cervical spondylosis and facet arthrosis. *Id.* at 170.

8

[claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions.")).  Therefore, to the extent that the ALJ erred by not finding migraine headaches and carpal tunnel syndrome to be severe impairments at Step Two, the error was harmless because the ALJ sufficiently accounted for the effects that migraines and carpal tunnel syndrome have on Plaintiff's ability to work.[6]

Plaintiff also asserts that substantial evidence does not support the ALJ's RFC assessment because he "determine[d] Plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence."  (Doc. #9, *PageID* #2185-86) (citation omitted).  Although Plaintiff is correct that Dr. Bolz and Dr. Sutherland did not review the entire medical record, the ALJ did not err in relying on their opinions because he considered medical evidence submitted after they reviewed the record.  See *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009); *Wheeler v. Comm'r of Soc. Sec.*, No. 1:20-CV-683, 2022 WL 794847, at *4 (W.D. Mich. Mar. 16, 2022) ("Because the ALJ expressly indicated that she had considered the entire record … the ALJ was not required to obtain an additional medical opinion.") (citing *Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *12 (N.D. Ohio Dec. 30, 2020) ("If it can be supported for an ALJ to reject all medical opinion evidence of record and formulate an RFC based on the record as a whole, then it certainly can also be supported for an ALJ to rely (in part) on outdated medical opinions without obtaining updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial evidence.")).  For example, the ALJ noted that Plaintiff's

---

[6] The ALJ also considered Plaintiff's headaches when addressing her symptom severity.  He found, "[h]er pain medication regimen reportedly works well most days for her back pain and headaches so that [she] is able to attend to most daily living activities without side effects."  (Doc. #7, *PageID* #52) (citations omitted).

coordination was intact in January and May 2019. (Doc. #7, *PageID* #50) (citing, in part, Doc. #7, *PageID* #2088, 2111). He also observed that Plaintiff exhibited normal gait and station at several points in late 2017, 2018, and 2019. *Id.* at 48 (citing, in part, Doc. #7, *PageID* #s 1255, 1273, 1508, 1512, 1529, 1614, 1623, 2088, 2111, 2115). Further, as noted above, the ALJ considered Plaintiff's subjective complaints in assessing in her RFC. *Id.* at 50.

Moreover, Plaintiff has not shown that her migraines or carpal tunnel syndrome cause any additional limitations that were not accounted for in the ALJ's RFC assessment. No physician opined that Plaintiff has functional limitations as a result of her migraines or carpal tunnel syndrome. *Vickers v. Comm'r of Soc. Sec.*, No. 20-1935, 2021 WL 4468414, at *4-5 (6th Cir. July 12, 2021) ("It is significant that none of the medical reports indicated Vickers's level of functioning or limitations posed by his impairments."). For these reasons, the undersigned finds that substantial evidence supports the ALJ's assessment of Plaintiff's RFC.

Based on the foregoing, Plaintiff's Statement of Errors is without merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #9) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

September 27, 2022                                   *s/Peter B. Silvain, Jr.*
                                                                             Peter B. Silvain, Jr.
                                                                             United States Magistrate Judge